no other alteration, not even changing the date.    The effect of our decision was that the $8,136 should stand in the place of the $3,000, as of the same date.    Thus it was the same award simply increased.    The modified award would bear interest from the same date as the original award.    If the claimant would have been entitled to interest upon the original award, he became entitled to interest upon the modified award from the same date.    Upon the prior remittitur from this court, the prior award, without altering its date, must be increased to $8,136, and the claimant must have his costs of this appeal, and then if the financial officers of the state refuse to pay interest upon the award from its date, the claimant must take his remedy by mandamus, or by filing a new claim with the Board of Claims, for his interest.    The question of interest will doubtless be disposed of in the same way as is usual with other awards made by the Board of Claims.    That question is not before us now, and we make no other mention in reference thereto.

" The award appealed from must be reversed, with costs of appeal to be paid by the claimant."

*Charles F. Tabor, Attorney-General*, for appellant.

*Gabriel L. Smith* for respondent.

*Per Curiam* opinion for reversal.
All concur.
Award reversed.

---

CHRISTIAN H. STRASSER et al., Respondents, *v*. THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Appellant.

ROMANNA JEAUME et al., Respondents, *v*. THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Appellant.

ARGUED and decided with *Reining* v. *N. Y., L. & W. R. Co. (ante,* page 157).